In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee for GEORGE K. DAVIS under a Deed of Trust with LOUISE D. DAVIS.

Supreme Court, Special Term, New York County, December 6, 1945.

*Alley, Cole & Grimes* for City Bank Farmers Trust Company, as trustee, petitioner.

*Joseph Trachtman* for Marie L. Weller, respondent.

*Mitchell, Capron, Marsh, Angulo & Cooney* for National City Bank, as executor of Yvonne Gerard, deceased, and another, respondents.

SHIENTAG, J.  This is a proceeding brought on by an order to show cause under article 79 of the Civil Practice Act (L. 1943, ch. 611) for the judicial settlement of the account of proceedings of petitioner as trustee of an express trust (Civ. Prac. Act, § 1307).

No objections have been filed to the account and the answers interposed raise no issue which requires to be tried (Civ. Prac. Act, § 1314).

All of the persons interested in the trust are of full age and competent.  Certain nonresident respondents who were served

without the State have defaulted and because of that the point is raised that although there is no disputed issue to be tried, the provisions of rule 192 of the Rules of Civil Practice must be complied with and a hearing held. That rule provides that " if the summons was served on the defendant without the state or otherwise than personally, and the defendant is in default: * * * 3. The court or judge must require proof of the cause of action set forth in the complaint to be made, either before the court or judge, or before a referee appointed for that purpose * * * ." This rule is applicable only to an action brought for the judicial settlement of a trustee's account. It does not apply to a judicial proceeding for that relief brought under article 79 of the Civil Practice Act. The purpose of that article was to provide for a special proceeding as an alternative to the procedure by action in trust accountings in the interests of expedition and economy. There is no reason why the mandatory requirements of rule 192 should be made a part of the new alternative procedure. No hearing is necessary and there is no occasion for taking formal proof as to matters concerning which no issue has been raised. In an appropriate case, the court of course has discretion to order a hearing in a proceeding under article 79 but is not bound to do so where there is no occasion for it. The application is accordingly granted.

Settle order.